# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIEGFRIED, JR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-2951 |
| LEHIGH VALLEY DAIRIES, | : | |
| INC. | : | |

## MEMORANDUM

**Baylson, J.**                                                 **September 10, 2002**

Plaintiffs are Luther B. Siegfried and his wife, Lois Siegfried, whose Complaint seeks damages and other relief arising out of the alleged discrimination by Lehigh Valley Dairies, Inc. ("Defendant") based on the disability of Luther Siegfried, Jr. ("Siegfried"). Plaintiffs seek recovery in Count I for harassment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), Count II for disability-based harassment in violation of the Pennsylvania Human Relations Act, 43 PA. STAT. ANN. § 951 *et seq.* (the "PHRA"), Count III for negligent failure to prevent a foreseeable harm, and Count IV for loss of consortium (by Lois Siegfried).

Defendant moves only to dismiss Counts III and IV of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant does not move to dismiss Counts I and II of Plaintiffs' Complaint. Defendant's Motion will be granted.

## I.    Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as

true all well pleaded allegations in the complaint and view them in the light most favorable to the

plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule

12(b)(6) motion will be granted only when it is certain that no relief could be granted under any

set of facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d

Cir. 1988).

## II.    Facts

Siegfried began working for Defendant on approximately January 2, 1979 and allegedly

suffered a severe back injury on approximately February 9, 1987 and has been disabled since that

time.  (Compl. ¶¶ 12-13.)  Beginning in approximately January 2001, Plaintiffs allege Siegfried

has been subject to severe and pervasive harassment based on his disability by other employees

of Defendant, which has altered the conditions of Siegfried's employment and has resulted in a

hostile and abusive work environment.  Id. at ¶¶ 14-16.  Plaintiffs also allege that the harassment

has continued even though Siegfried repeatedly complained to Defendant about the continuing

acts of harassment, and that Defendant has failed to take prompt remedial action even though

Defendant knew or should have known of the harassment.  Id. at ¶¶ 17-18.

## III.    Discussion

### A.    Negligent Failure to Prevent a Foreseeable Harm

Defendant argues that Siegfried's claim for negligent failure to prevent a foreseeable

harm should be dismissed because (a) it is preempted by § 301 of the Labor Management

Relations Act, 29 U.S.C. § 185 (the "LMRA") and Siegfried has failed to exhaust the

grievance/arbitration procedure set forth in the Collective Bargaining Agreement (the "CBA")

between Defendant and the International Brotherhood of Teamsters Union Local No. 463[1], of

which Siegfried is a member (Mem. Supp. Mot. Dismiss at 4-5), and (b) because Siegfried's

claim for negligent failure to prevent a foreseeable harm is barred by the exclusivity provisions of

the Pennsylvania Workers' Compensation Act, PA. STAT. ANN. tit. 77 § 1 *et seq.* (2002)

("PWCA"). Id. at 15.

> ### 1.    Section 301 of the LMRA

Section 301 of the LMRA provides:

> suits for violations of contracts between an employer and a labor organization
> representing employees in an industry affecting commerce . . . may be brought in
> any District Court of the United States having jurisdiction over the parties.

29 U.S.C. § 185(a).  In addition to being jurisdictional, § 301 "authorizes federal courts to

fashion a body of federal law for the enforcement of these collective bargaining agreements."

Textile Workers Union of Am. v. Lincoln Mills of Ala., 353 U.S. 448, 451, 77 S. Ct. 912, 1 L.

Ed. 2d 972 (1957).  The Supreme Court has held that any state law cause of action for a violation

of a collective bargaining agreement or other contract governed by § 301 of the LMRA is

completely preempted by federal law because of the need for uniform interpretation to facilitate

negotiation and administration of such collective bargaining contracts.  Teamsters v. Lucas Flour

Co., 369 U.S. 95, 103, 82 . Ct. 571, 7 L. Ed. 2d 593 (1962).

A plaintiff's state law claims are preempted by § 301 when resolution of that claim is

substantially dependant upon an analysis of the meaning of the terms of a labor agreement

governed by § 301, or is inextricably intertwined with the consideration of the terms of the

---

[1]Siegfried concedes that he did not raise his complaint of disability-based harassment
with the union because he does not believe the CBA protects against such conduct. (Mem. Opp'n
Mot. Dismiss at 5.)

agreement.  Allis-Chalmers v. Lueck, 471 U.S. 202, 213, 220, 105 S. Ct. 1904, 85 L. Ed. 2d 206

(1985).  Section 301, however, does not preempt every dispute that tangentially concerns the

terms of a collective bargaining agreement.  Id. at 211.

Because all negligence claims are premised on the alleged violation of a duty, negligence

claims

> are preempted where reference to a collective bargaining agreement is necessary
> to determine whether a "duty of care" exists or to define "the nature and scope of
> that duty, that is, whether, and to what extent, the [employer's] duty extended to
> the particular responsibilities alleged by [the employee] in his complaint."

Peek v. Philadelphia Coca-Cola Bottling Co., No. CIV.A.97-3372, 1997 U.S. Dist. LEXIS

10138, *15 (E.D. Pa. July 8, 1997) (citations omitted).  In Peek, plaintiff alleged that his

employer was negligent in the hiring, training, and supervision of its employees.  Id.  Judge

VanArtsdalen found that plaintiff's negligence and gross negligence claims did not derive from

any general duty of care owed by the employer.  Id.  Rather, Judge VanArtsdalen found that

plaintiff's claims were premised on his employment relationship with the employer as defined by

the collective bargaining agreement and, therefore, were preempted by § 301 of the LMRA.  Id.

If a state law claim is preempted by § 301 of the LMRA, then "the claim must either be

treated as a Section 301 claim or dismissed as preempted by federal labor contract law."  Allis-

Chalmers, 471 U.S. at 220.  In order to bring a § 301 claim, an employee must exhaust the

grievance and arbitration procedures of the labor contract.  Koshatka v. Philadelphia

Newspapers, Inc., 762 F.2d 329, 334 (3d Cir. 1985) (citing Republic Steel Corp. v. Maddox, 379

U.S. 650, 652-53, 85 S. Ct. 614, 13 L. Ed. 2d 580 (1965)).

Defendant argues that Siegfried's claim for negligent failure to prevent a foreseeable

harm is preempted by § 301 of the LMRA because it expressly calls for an interpretation of the applicable provisions of the CBA.  (Mem. Supp. Mot. Dismiss at 4-5, 10.)  Defendant asserts that Siegfried's claim, therefore, is a federal claim under § 301 and should be dismissed because Siegfried has failed to exhausted the grievance and arbitration procedure set forth in the CBA and has failed to make any claim regarding a breach of the union's duty of fair representation.  (Mem. Supp. Mot. Dismiss at 11-12.)

In order to analyze Siegfried's negligence claim, the court must interpret provisions of the CBA to determine: (a) whether Defendant had a duty of care to prevent a foreseeable harm and (b) the nature and scope of that duty.  See Peek, 1997 U.S. Dist. LEXIS 10138, at *15. Siegfried's negligence claim, therefore, is preempted by § 301 of the LMRA and must be treated as a Section 301 claim.  Allis-Chalmers, 471 U.S. at 220.  Plaintiffs' Complaint does not allege that Siegfried exhausted the grievance and arbitration procedures set forth in the CBA and Siegfried concedes that he did not raise his complaint of disability-based harassment with the union because he does not believe the CBA protects against such conduct.  Plaintiffs, therefore, cannot bring a claim for negligent failure to prevent a foreseeable harm under § 301 of the LMRA.  Accordingly, Defendant's Motion to Dismiss will be granted.

## 2.    PWCA

If Plaintiff's negligent failure to prevent a foreseeable harm claim was not preempted by § 301 of the LMRA, the Court would hold that the claim is not barred by the exclusivity provisions of the PWCA.  The PWCA provides that "[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees . . . in any action at law or otherwise on account of any injury or death as defined in [PA. STAT. ANN. tit. 77 § 411] or

occupational disease as defined in [PA. STAT. ANN. tit. 77 § 27.1]." PA. STAT. ANN. tit. 77 §

481(a).  The PWCA, however, carves out an exception, often referred to as the "personal

animus" or "third-party attack" exception, for employee injuries caused by the intentional

conduct of third parties for reasons unrelated to an employee's employment.  See DeWyer v.

Temple Univ., No. CIV.A.00-1665, 2001 U.S. Dist. LEXIS 1141, at *12 (E.D. Pa. Feb. 6, 2001).

The third-party attack exception in the PWCA states:

> the term "injury arising in the course of his employment". . . shall not include an
> injury caused by the act of a third person intended to injure the employee because
> of reasons personal to him, and not directed against him as an employee or
> because of his employment.

PA. STAT. ANN. tit. 77 § 411(1).

There are four elements to the third-party attack exception: (1) claimant's injury must

have resulted from an intentional act; (2) the act cannot be one that would normally be expected

in the workplace; (3) the act must have been committed by a co-worker or someone other than

the employer; and (4) the person who committed the intentional act must have been motivated by

personal animus.  Hettler v. Zany Brainy, Inc., No. CIV.A.99-3879, 2000 WL 1468550, at *5

(E.D. Pa. Sept. 27, 2000) (citations omitted).

Defendant argues that Siegfried's claim for negligent failure to prevent a foreseeable

harm is barred by the exclusivity provisions of the PWCA (Mem. Supp. Mot. Dismiss at 4-5) and

that the "personal animus" exception does not apply to Plaintiffs' negligent failure to prevent a

foreseeable harm claim because the personal animus exception only applies to intentional torts

and not negligence claims (Reply Br. Supp. Mot. Dismiss at 5).  In making its argument,

Defendant relies on a string of cases that hold that claims for negligent infliction of emotional

distress are barred by the PWCA.  Although courts have held that claims for negligent infliction

of emotional distress are barred by the PWCA and do not fit within the personal animus

exception, courts have held that other types of negligence claims fall within the personal animus

exception.  See Merritt v. Delaware River Port Auth., No. CIV.A.98-3313, 1999 U.S. Dist.

LEXIS 5896 (E.D. Pa. Apr. 20, 1999); Borton v. Unisys Corp., No. CIV.A.90-4793, 1991 WL

915 (E.D. Pa. Jan. 4, 1991); see also Hettler, 2000 WL 1468550, at *5-6 & n.1 (distinguishing

claims for negligent infliction of emotional distress from negligent supervision claims and

recognizing the possibility that plaintiff's negligent supervision claim could fall within the

personal animus exception).

     Defendant argues in its Reply Brief that Borton is inapposite because the plaintiff in

Borton did not assert any negligence claims against her employer. (Reply Br. Supp. Mot. Dismiss

at 6.)  Although the plaintiff in Borton did not expressly assert any negligence claims against her

employer, Judge O'Neill concluded that the plaintiff stated a claim on a negligent failure to

prevent foreseeable harm theory, which fell within the personal animus exception to the PWCA's

exclusivity provisions.  1991 WL 915, at *5-6.  The Court finds that the Borton case is on point

and can be relied on for the proposition that courts have held that negligence claims can fall

within the personal animus exception.

     Defendant's reliance on McGrenaghan v. St. Denis Sch., 979 F. Supp. 323 (E.D. Pa.

1997) for the proposition that personal animus exception only applies to intentional torts and not

negligence claims is misplaced.  In McGrenaghan, Judge VanArtsdalen distinguished the

personal animus exception contained in § 411(1) of the PWCA from a "judicially created

exception . . . for 'intentional torts' committed by an employer, supervisor, or a co-worker."  979

F. Supp. at 329. Judge VanArtsdalen stated that the judicially created intentional tort exception is clearly limited to intentional torts and not those based in negligence. Id. Judge VanArtsdalen did not, however, limit the personal animus exception to intentional torts. Therefore, there is no support for Defendant's argument that the personal animus exception does not apply to negligence actions.

Because it is possible that Plaintiffs can prove that Siegfried's claim for negligent failure to prevent a foreseeable harm falls within the personal animus exception to the exclusivity provisions of the PWCA, Defendant's Motion to Dismiss this claim would be denied on this ground. Defendant's Motion to Dismiss Plaintiff's negligent failure to prevent a foreseeable harm claim will be granted, however, for the reason set forth above.

### B.    Loss of Consortium

Under Pennsylvania law, it is well established that a spouse's right to recover for loss of consortium derives only from the other spouse's recovery in tort. Szydlowski v. City of Philadelphia, 134 F. Supp. 2d 636, 639 (E.D. Pa. 2002).

Defendant argues that if the Court grants its Motion to Dismiss Count III, Lois Siegfried's loss of consortium claim should also be dismissed because it is based exclusively on Siegfried's right to recover on his negligence claim. (Mem. Supp. Mot. Dismiss at 17.) Lois Siegfried cannot maintain her loss of consortium claim under Count IV of the Complaint because Siegfried's tort claim for negligent failure to prevent a foreseeable harm, upon which her loss of consortium claim derives, is being dismissed by the Court.

### IV.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Siegfried's negligent failure to

prevent a foreseeable harm claim under Count III of the Complaint and Lois Siegfried's loss of

consortium claim under Count IV of the Complaint will be granted.  Remaining are Plaintiffs'

claims under Counts I and II.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SIEGFRIED, JR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-2951 |
| LEHIGH VALLEY DAIRIES, | : | |
| INC. | : | |

## <u>ORDER</u>

AND NOW, this 10th day of September, 2002, it is hereby ORDERED that the

Defendant's Motion to Dismiss Siegfried's negligent failure to prevent a foreseeable harm claim

under Count III of the Complaint and Lois Siegfried's loss of consortium claim under Count IV

is GRANTED.  Defendant shall the remaining counts of the Complaint within ten (10) days.


**BY THE COURT:**


_____

**MICHAEL M. BAYLSON, U.S.D.J.**


O:\Orders\Siegfried, Jr., et al. v. Lehigh Valley Dairies, Inc., Motion to Dismiss Memorandum and Order.wpd