IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUTHER B. SIEGFRIED, JR. | : | CIVIL ACTION NO. 02-CV-2951 |
| Plaintiff | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| LEHIGH VALLEY DAIRIES, INC. | : | (JUDGE MICHAEL M. BAYLSON) |
| Defendant | | |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Plaintiff, Luther B. Siegfried, Jr., by his attorney, Scott M. Pollins, Esquire, respectfully submits the following Pretrial Memorandum to The Honorable Michael M. Baylson in accordance with Local Civil Rule 16.1.

**I.  NATURE OF THE ACTION AND JURISDICTION**

Plaintiff, Luther B. Siegfried, Jr. (hereinafter "Siegfried"), brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*. ("PHRA").  Siegfried seeks compensatory and punitive damages, costs and attorney's fees from defendant, Lehigh Valley Dairies, Inc. (hereinafter "LVD"), to compensate him for the severe, repeated and pervasive disability-based harassment he has been subjected to while employed at LVD and for LVD's failure to adequately investigate and promptly correct the harassing behavior.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f).  Furthermore, LVD's conduct with regard to Siegfried violates the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 et seq., and the pendant jurisdiction of this Court is invoked to remedy those violations.

II.   **BRIEF STATEMENT OF FACTS**

Siegfried began working for LVD in January of 1979. On February 9, 1987, Siegfried sustained a severe back injury at work and he has been disabled since that time. Siegfried is disabled because he is substantially limited in the major life activities of performing manual tasks, working, bending, and sitting. LVD and/or its employees regard Siegfried as disabled and Siegfried has a record of disability with LVD.

Beginning in approximately January 2001 and continuing through September 2001, Siegfried was subjected to constant, severe and pervasive harassment based on his disability by other LVD employees. Siegfried filed a complaint with the Pennsylvania Human Relations Commission in June 2001, amended that complaint in July 2001 and LVD was served with the complaint in August 2001. Since September 2001, Siegfried has continued to be periodically harassed based on his disability by other LVD employees.

The 2001 harassment included, but is not limited to, the following: LVD employee(s) urinating in Siegfried's office, work buckets and hard hat (April and June); publication of Siegfried's medical restrictions, social security number and work descriptions throughout LVD's workplace (May); postings placed throughout LVD's workplace referring to Siegfried being on light duty, never working a day in his life, never having done anything to try and get better, never having to be re-checked by any doctors and keep showing up and collecting 40,000 per year (May and June); LVD employees unjustifiably filing union grievances to revoke Siegfried's seniority (January), remove him and other light duty employees from the union (May) and regarding his vacation picks (January); LVD employee forging a note stating Siegfried was required to

perform a certain drain repair which was not Siegfried's job and placing that note on Siegfried's time card (April); posting of advertisements regarding bad backs throughout LVD's workplace (April); placing antisieze (greasy substance) on Siegfried's locker (June) and office doorknob (September); wiring shut Siegfried's locker (October); breaking into Siegfried's locked office, going through his desk and files and removing items from his office (June).

The harassment was sufficiently severe and pervasive to alter the conditions of Siegfried's employment and create a hostile and abusive work environment. Siegfried suffered emotional distress, suffered going to work every day for 9 months, had family problems that necessitated counseling and was humiliated and embarrassed as a direct result of the harassment. Siegfried repeatedly complained to Diane Kett, LVD's Human Resources Manager, and Ronald Bivighouse, LVD's Environmental Safety and Security Manager, about the continuing acts of harassment. Despite Siegfried's repeated complaints, LVD failed to take any effective steps to stop the harassment. LVD claims it investigated each of Siegfried's complaints, however Siegfried was not informed of the results of any alleged investigation. LVD claims it took prompt, effective remedial actions to stop the harassment, however the severe and pervasive harassment continued for 9 months, only one LVD employee was identified as a harasser and that employee was simply issued a written warning.

Although Siegfried was definitely able to identify his harassers on only one occasion, Siegfried believes that LVD's management knew who has harassing Siegfried and acted with reckless indifference to Siegfried's rights. Furthermore, LVD failed to take any effective action to stop the harassment despite repeated complaints by Siegfried

until after LVD was served with a complaint Siegfried filed with the Pennsylvania Human Relations Commission.

**III.   PLAINTIFF'S DAMAGES**

Siegfried seeks monetary damages in an unspecified amount for compensatory and punitive damages.

**IV.   PLAINTIFF'S WITNESSES**

Siegfried intends to call the following liability witnesses:

1. Luther B. Siegfried, Jr.
   c/o Scott M. Pollins, Esquire

2. Francis Hendricks
   101 Spring House Lane
   Telford, PA 18969

3. Paul Dornblaser
   8399 Chestnut Hill Church Road
   Coopersburg, PA 18036

4. Dr. Richard R. Ruth
   200 Cherry Lane
   Souderton, PA 18964

5. Diane Kett – Human Resources Manager
   Lehigh Valley Dairies, Inc.
   c/o Lisa M. Scidurlo, Esquire

6. Ronald Bivighouse – Environmental Safety and Security Manager
   Lehigh Valley Dairies, Inc.
   c/o Lisa M. Scidurlo, Esquire

7. James Heath – Maintenance Manager
   Lehigh Valley Dairies, Inc.
   c/o Lisa M. Scidurlo, Esquire

8. John Fogarty – Business Agent
   Teamsters Local 463
   1375 Virginia Drive, Suite 203
   Fort Washington, PA 19034

Siegfried intends to call the following damages witnesses:

1. Luther B. Siegfried, Jr.
   c/o Scott M. Pollins, Esquire

2. Lois Siegfried
   c/o Scott M. Pollins, Esquire

3. J.J. Siegfried
   c/o Scott M. Pollins, Esquire

4. Dr. Richard R. Ruth
   200 Cherry Lane
   Souderton, PA 18964

5. Francis Hendricks
   101 Spring House Lane
   Telford, PA 18969

**V.     PLAINTIFF'S EXHIBITS**

Siegfried intends to offer the following exhibits at trial:

P1.  Suiza Foods Corporation Code of Business Conduct

P2.  Lehigh Valley Dairies, Inc. Safety Rules

P3.  Lehigh Valley Dairies, Inc. Company Safety Policy

P4.  Lansdale Plant Union Seniority List (for Depts. 321 and 322)

P5.  12/19/00 Notice to All Employees from Jim Macri Re: Harassment

P6.  Handwritten note from Jim Heath to Lou Siegfried regarding change of starting time as of 1/8/01

P7.  Handwritten note from Eric Rohrbach to Ralph Schmell Re: grievance forms for lite (sic.) duty person working six days

P8.  4/3/01 Suiza memo to All Employees from Human Resources Dept. Re: work related injuries

5

P9.  Read and Reply Memo containing handwritten note from JH (Jim Heath) to Jay to see Lou S.

P10.  Bad Backs newspaper advertisement from April 2001 Buck Saver

P11.  5/10/01 Memo from Ron Bivighouse to Lou Siegfried Re: Guidelines for Light Duty

P12.  Six page packet of documents containing 4/19/01 letter from James F. Macri to Lou Siegfried, list of job conditions, 3 page Job Analysis and 5/1/01 letter from Dr. Richard R. Ruth to Lehigh Valley Dairies

P13.  May 21, 2001 letter from James F. Macri to Lou Siegfried

P14.  P11 with Lou Siegfried's 5/16/01 handwritten notes

P15.  Untitled memo stating "Apparently, all you need, to do, is get hurt (or act it) and you can make your own deal …"

P16.  P15 memo with Lou Siegfried's 5/23/01 handwritten notes

P17.  P15 memo with Lou Siegfried's 5/23/01 handwritten notes

P18.  P15 memo with Lou Siegfried's 5/23/01 handwritten notes

P19.  P15 memo with Lou Siegfried's 5/29/01 handwritten notes

P20.  Love One Another passage with Lou Siegfried's 6/1/01 handwritten notes

P21.  P15 memo with Lou Siegfried's 6/6/01 handwritten notes

P22.  Lou Siegfried's January 2001 personal logs

P23.  Lou Siegfried's February 2001 personal logs

P24.  Lou Siegfried's March 2001 personal logs

P25.  Lou Siegfried's April 2001 personal logs

P26. Lou Siegfried's May 2001 personal logs

P27. Lou Siegfried's June 2001 personal logs

P28. Lou Siegfried's PHRC Amended Complaint

P29. PHRC Questionnaire completed by Fran Hendricks

P30. P15 Memo with Fran Hendrick's handwritten notes

P31. 5/1/01 letter from Dr. Ruth to Lehigh Valley Dairies

P32. General Interview Form

P33. Complainant Interview Form

P34. Alleged Harasser Pre-Interview Considerations

P35. Alleged Harasser Interview Form

P36. Co-Employee Interview Form

P37. 2001 Diane Kett handwritten notes of meeting Re: Lou Siegfried

P38. 2/2/01 notes of Diane Kett

P39. 9/25/01 notes of Diane Kett

P40. Undated typed document Re: 9/25/01 events

P41. 9/25/01 Harassment Policy Reminder sign-in sheet

P42. 9/26/01 Memo from Ron Bivighouse to Diane Kett Re: lubricant applied to employee office door handle

P43. 10/25/01 letter from James Macri to John Fogarty Re: Lou Siegfried

P44. Collective Bargaining Agreement between Lehigh Valley Dairies And Teamsters Local 463 for period of 10/1/98 – 9/30/01

P45. 4/19/01 Disciplinary memo from Ron Bivighouse to Eric Rohrbach

P46. 12/19/00 handwritten notes of Diane Kett from Paul Dornblaser file

    P47.  12/7/01 Memo from Ron Bivighouse to Diane Kett Re: Paul Dornblaser harassment

**VI.** **NUMBER OF DAYS FOR TRIAL**

Siegfried expects the trial in this case to last 3-5 days.

**VII.** **SPECIAL LEGAL ISSUES**

 1.  Whether Siegfried is disabled

In LVD's Motion for Summary Judgment, LVD argues that Siegfried is not disabled.  On the contrary, Siegfried is disabled and he will address this issue in his response to LVD's Motion for Summary Judgment.

 2.  Whether Siegfried has been harassed because of his disability

In LVD's Motion for Summary Judgment, LVD argues that even if Siegfried establishes that he is disabled, he cannot prove that he was harassed because of his disability.  Siegfried will address this issue in his response to LVD's Motion for Summary Judgment.

 3.  Whether the harassment Siegfried was subjected to was severe or pervasive

In LVD's Motion for Summary Judgment, LVD argues that even if Siegfried shows that he was harassed because of his disability, he will be unable to show that the harassment was severe or pervasive enough the alter the conditions of his employment and create an abusive work environment.  Siegfried will address this issue in his response to LVD's Motion for Summary Judgment.

4. Whether LVD exercised reasonable care to prevent and correct promptly any impermissibly harassing behavior and whether Siegfried unreasonably failed to take advantage of any preventive or corrective opportunities provided by LVD to avoid harm otherwise

In LVD's Motion for Summary Judgment, LVD claims that it took adequate remedial measures that were reasonably calculated to end its employees' harassment of Siegfried. Siegfried will address this issue in his response to LVD's Motion for Summary Judgment.

Plaintiff reserves the right to submit an additional memorandum to the Court on the above legal issues and any other legal issues Defendants raise in their Pre-Trial Memorandum or corresponding Motions in Limine, which Plaintiff's counsel has not received as of his completion of this Memorandum.

                                      Respectfully submitted,

By: _____
     Scott M. Pollins, Esquire
     Pa. Attorney Id. No. 76334
     1620 Schoolhouse Lane
     Lower Gwynedd, PA 19002-1902
     (215) 699-5388
     Attorney for Plaintiff, Luther B. Siegfried, Jr.

Date: _____